UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**LISA R. VAUGHN**                                                                                           **PLAINTIFF**

v.                                                                        **CIVIL ACTION NO. 4:16-CV-P61-JHM**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                                        **DEFENDANTS**

**MEMORANDUM OPINION**

    Plaintiff Lisa R. Vaughn initiated this *pro se* prisoner civil action under 42 U.S.C. § 1983. Upon filing the instant action, she assumed the responsibility of keeping this Court advised of her current address and to actively litigate her claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

    The Clerk of Court sent a mailing to Plaintiff on November 21, 2016 (DN 7). This mailing was returned by the United States Postal Service marked "Return to Sender - Not Deliverable as Addressed - Unable to Forward" (DN 9). In addition, Defendant Daviess County has filed a notice that its answer was mailed to Plaintiff at the address of record but that it has also been returned as undeliverable (DN 12). Plaintiff apparently is no longer housed at her address of record, and she has not advised the Court of a change of address. Therefore, neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff.

    Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se*

litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

        Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of her current address, the Court concludes that this case must be dismissed for lack of prosecution. The Court will dismiss the action by separate Order.

Date: January 18, 2017

                                            Joseph H. McKinley, Jr., Chief Judge
                                               United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4414.011